## Second Department, January, 1945.
### (January 2, 1945.)

In the Matter of IRVING N. SIDMAN, an Attorney. BROOKLYN BAR ASSOCIA-TION.— Motion in disciplinary proceedings to confirm report of Honorable CHARLES J. DODD, Official Referee. The court confirms the report as to charges 2 and 3. The proof with reference thereto warranted the conclusion that the respondent testified falsely upon the trial of *Sidman* v. *Sidman* (see 265 App. Div. 1067; 266 App. Div. 862). He also testified falsely on the hearings before the Official Referee. This conduct justifies his disbarment. Charges 1 and 4 are dismissed; the former upon the ground that it is contrary to the weight of the evidence, and the latter because the respondent did not have notice of such charge. The motion to confirm the report of the Official Referee is granted, as heretofore indicated, the respondent is ,disbarred, and his name ordered to be struck from the roll of attorneys. Present — Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ.

ANGELICA BALABANOFF, Respondent, v. HEARST CONSOLIDATED PUBLICATIONS, INC., Appellant, et al., Defendants.— Order denying appellant's motion to dismiss the complaint on the ground that it is insufficient in law in that it does not state facts sufficient to constitute a cause of action, reversed on the law, with ten dollars costs and disbursements, and the motion granted, without costs. It is not libelous per se falsely to charge one with having been an officer of a department or agency of a foreign government. Close, P. J., Johnston and Adel, JJ., concur; Hagarty and Aldrich, JJ., dissent and vote to affirm with the following memorandum: The appellant published in an issue of its newspaper of and concerning the plaintiff, a well known writer, lecturer and translater, the following article: "Mussolini found haven in Lausanne and a job sweeping out the Cafe le Lion d'Or, hangout for Russian revolutionaries, then headed by Angelica Balabanoff," who was later to become secretary to the dread Cheka." The appellant admits in its brief that the complaint appropriately alleges publication, falsity, malice, innuendos and general damage, but does not plead special damage. In the complaint it is alleged that the word "Cheka" is formed from the initials of Russian words meaning "Extraordinary Commission" and was a department organized in Russia in December of 1917 to deal with counter revolutionary manifestations by spreading terror among all classes of people and was not subject to constitutional control, that its officers were regarded with distrust, apprehension, fear, resentment and vengeance, and it was continued until substituted by a State political administration. It is further alleged that, by reason of the publication, plaintiff has been brought into public scorn, shame and disgrace and contempt among her friends and associates, who have been caused to suspect and believe vile and scandalous and shameful things of and concerning her in her professional and private life. The article, in our opinion, is libelous per se.